# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY L. SAMPSON,

   **Plaintiff,**

   v.                                                    No. 15-cv-0479 MV/SMV

METROPOLITAN DETENTION CENTER,

   **Defendant.**

## ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Third[1] Motion for Appointment of Counsel [Doc. 11], filed on June 22, 2015. This is a § 1983 action. Plaintiff is incarcerated and proceeding pro se. He requests appointment of counsel because he is indigent and has fewer legal resources than Defendant. [Doc. 11].

However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the

---

[1] Plaintiff filed his first Motion for Appointment of Counsel on June 8, 2015, requesting appointment counsel because he is indigent. [Doc. 3]. The Court denied Plaintiff's motion on June 10, 2015. [Doc. 4]. Plaintiff filed his second Motion for Appointment of Counsel on June 18, 2015, requesting appointment counsel because he lacks a license to practice law, is unfamiliar with the law, and believes that he is not equipped to proceed pro se. [Doc. 8]. The Court denied Plaintiff's second motion on June 23, 2015. [Doc. 9].

court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is still not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel.   Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Third Motion for Appointment of Counsel [Doc. 11] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**