IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY L. SAMPSON,

    Plaintiff,

    v.                                                                        No. CIV 15-00479-MV-SMV

METROPOLITAN DETENTION CENTER,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Metropolitan Detention Center (MDC) unlawfully transferred Plaintiff to a correctional facility in Livingston, Texas to alleviate overcrowding. The complaint contends that this transport was unlawful because Plaintiff was in pretrial confinement at MDC at the time and the "transport was for sentenced inmates only." [Doc. 1 at 3] Plaintiff alleges that he was harmed by this illegal transport because he was taken away from his "family, court, lawyers" and his "work in jail." [Doc. 1 at 3] The complaint seeks compensatory and punitive damages. [Doc. 1 at 5]

On September 28, 2015, Plaintiff submitted a letter, which the Court construes as a supplement to his civil rights complaint. [Doc. 25] In his letter, Plaintiff identifies various state statutes that allegedly were violated by his transfer to Texas. *See* NMSA 1978, § 33-3-13; NMSA 1978, § 33-3-14. [Doc. 25]

As a preliminary matter, "'[i]t is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic constitutional standards.'" *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. Feb. 6, 2004) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)); *see also Jones v. City & County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal* law done under color of state law." (emphasis in original)). In other words, illegality under a state statute "can neither add to nor subtract from . . . constitutional validity," because the "[m]ere violation of a state statute does not infringe the federal Constitution." *Snowden v. Hughes*, 321 U.S. 1, 11 (1944). Furthermore, a plaintiff's pleading must allege that the defendants' actions caused an "actual injury[, which] derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also O'Shea v. Littleton*, 414 U.S. 488,

493 (1974) ("Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

The factual allegations in Plaintiff's complaint fail to state a claim upon which relief may be granted. First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself does not violate the constitution. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990) (agreeing that "[w]hile a prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer, prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring to a different institution." (citation omitted)). The complaint does not allege that Plaintiff was transferred for a prohibited reason; indeed, the complaint alleges that the "transport was all about to get the jail count down by sending inmates there." [Doc. 1 at 2]

Second, the complaint does not allege that the conditions of Plaintiff's confinement during his transport to Texas violated his constitutional rights. *See, e.g.*, *Heifferich v. Marcantel*, 604 F. App'x 749, 749 (10th Cir. May 14, 2015) (affirming the district court's finding that the conditions of the plaintiff's confinement during his transfer between correctional institutions "failed to rise to the level of 'unnecessary and wanton infliction of pain' necessary to implicate the Eighth Amendment") (citation omitted)).

Third, "[n]ot every statement or act that results in interference with the rights of familial association is actionable." *Lowery v. County of Riley*, 522 F.3d 1086, 1092 (10th Cir. 2008); *see*

3

*generally Griffin v. Strong*, 983 F.2d 1544, 1546-47 (10th Cir. 1993) (recognizing the existence of the right to familial association within the substantive rights protected by the Due Process Clause). To state a claim for the deprivation of the right of familial association, a plaintiff must allege that (1) the defendants acted with "intent to interfere with a particular relationship protected by the freedom of familial association," and (2) "[t]he conduct or statement [was] directed at the familial relationship with knowledge that the statements or conduct will adversely affect that relationship." *Lowery*, 522 F.3d at 1092 (internal quotation marks and citations omitted). Plaintiff's complaint fails to allege that Defendant MDC acted with the requisite intent to interfere with his familial relationships or that transfer was directed at his familial relationships with knowledge that it would adversely affect those relationships. Thus, Plaintiff's factual allegations are insufficient to state a claim for the violation of his constitutional right to familial association.

Lastly, to state a claim under § 1983 for denial of access to the courts, the complaint must allege that the defendant's conduct "resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing]' [the plaintiff's] efforts to pursue a legal claim.'" *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (quoting *Lewis*, 518 U.S. at 351-53, & n.3)). Plaintiff's complaint does not allege that the transport to Texas frustrated, impeded, or hindered Plaintiff's efforts to pursue a legal claim and, therefore, it fails to allege a "relevant actual injury" sufficient to confer standing. *Lewis*, 518 U.S. at 351.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint [Doc. 1] is DISMISSED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

4